Our final case for this morning is Susan Spicher v. Commissioner Berryhill. Mr. Forbes. Randall Forbes May it please the court, my name is Randall Forbes. I represent Susan Spicher who is a disability claimant. I always like to humanize my clients and what I would like you to know is this is a lady that was in a very tragic auto accident. She had multiple surgeries to try to get her health back. She tried to get her associates degree which in Indiana takes about two years. It took her about five or more to get it. Even though she tried that, she could not go back to work. She did get what would be called a partially favorable or as I've rephrased it a partially unfavorable decision where the judge gave her SSI not DIB benefits right around her 50th birthday. That's just because she aged into it right and she was at the sedentary level? That is correct your honor. The grids finally gave her disability. So she has, we're looking back at things she didn't get, now she has everything she could get. She does except it's meaningless because it doesn't come with Medicare and last I knew it didn't come with any monetary payment because of the way the resource and income rules work. I can't tell you for sure that that's exactly the situation today. But I thought you were looking back to December 31, 2008 because that was her date last insured. That is correct. And that's what you need for the disability benefits and wouldn't they have some ongoing significance if she qualified for DIB? Yes your honor. So she just gets SSI but she's also seeking DIB and in order to get that she's got to take it back to 2008. Absolutely correct your honor. So is there, tell me what's in the record about her ability to sit for an hour or two without getting up. Well I think the most significant piece of evidence on that is Dr. Strong's report. Dr. Strong is a consultative examiner unlike the non-examining consultants or Dr. Haines who just testified at the last hearing but never examined her. So Dr. Strong in the context of who gets the most weight is the person who gets the most weight. Dr. Strong essentially had her at a sedentary level but threw in I think a limitation, the other side is arguing a recommendation maybe I was a little strong and said mandate but it's still an opined limitation. Well most of Dr. Strong's statement is written in what I'll call softer language, should do this, ought to do that, recommendations. So the ALJ accepts almost all of it except this statement about the 20 minutes of moving around right? That's correct. And the 20 minutes of moving around also involves adequate rest to accommodate whatever the moving around does to her physically. The judge and the government here seem to think that the sedentary RFC is less burdensome than the RFC that Dr. Strong talked about but it's not. Dr. Strong essentially says she can't sit because her impairments are so bad she can't sit. And so the only way that she can do anything is if she can get up and move around because sitting is, the implication is that sitting is harmful. Isn't there evidence in the record that for sleeping purposes she needs to be in a chair because being immobile gives her bed sores? Your Honor I don't know that, that wouldn't surprise me. So you're saying that there are some conditions for which just sitting still is actually not the least impactful thing to do that you might need to move around. Yes and as we move forward with medical science apparently that's becoming more and more clear. So that's the RFC argument in a nutshell. I know that the hot button argument of this appeal is the behavior or the statements of the judge at the hearing. And I'm mindful of how serious this is. I was a circuit court judge in Indiana for a while and it's important that judges maintain a particular decorum. But I think that what is acceptable was exceeded here. But even if the comments were not acceptable they reflected an intent to decide before the evidence was in. And if this case is decided with an unfavorable ALJ decision or a partially unfavorable ALJ decision they have to go through the process of writing. And that first point, I'll stick to what I determined last time. That's before the evidence, before Dr. Haynes, who she bases a lot of her opinion on, testified. That's impermissible time to decide the case. Of course, Dr. Haynes doesn't add a huge amount anyway. Doesn't Dr. Haynes just say, yeah, I agree with everything that's already been said? That's correct, Your Honor. Yeah. Then as the hearing's closing, the ALJ says, are you taking this case back to district court? I've never been asked that at a hearing before. I thought it was improper, but I just said it depends on what you write. What else am I going to say? But that's an impermissible time to decide this case. There's only one permissible time to decide this case, and that is when the ALJ signs the decision after going through the deliberative process of writing. So that's our position on those issues, Your Honor. I'm a little bit concerned about every case I do at this point, whether there's actually a commissioner of Social Security. I did not raise it, but it seems it's going to be an important issue. We've got to have a commissioner. And maybe this is time to look at it. I don't want to have to bring it up. Has Acting Commissioner Berryhill gone away? The statute under which she was made Acting Commissioner, I believe, has expired. Her time has expired. Great. And I didn't raise it, but I do hundreds of these cases, and now I'm starting to worry that I'm going to have to come up here a hundred more times. So it's a point, Your Honor. Thank you. I'll reserve the rest of my time. Thank you. Ms. Bence. So do you have a client, Ms. Bence? Yes, I do, Your Honor. Certainly, Acting Commissioner Berryhill was still the Acting Commissioner at the time this case was decided. She is now, we still leave her in the caption as Deputy Commissioner in charge of operations until such time as. So who is the Acting Commissioner? There is no Acting Commissioner. There's no Acting Commissioner. Are there things limited to only a commissioner of Social Security can do? There are statutes which refer generally to the ALJ's final decision or a final decision of the commissioner. In this instance, the ALJ's decision became the final decision of the commissioner at the time when she was the Acting Commissioner. That is certainly a question that is still being resolved. The key issue, the key fact in this case is that this is a case where the ALJ called a medical expert, recognizing what she had been asked to do when the case had been previously remanded. But, you know, the ALJ does not, in my view, really grapple with the evidence that's favorable to Ms. Spiker. I get a real cherry-picking, as we say, feeling. So just to take, for example, Dr. Strong's statements about her ability to sit on the examining table, the ALJ finds a place where Dr. Strong says she can do that. But the ALJ doesn't deal with Dr. Strong saying it was very awkward and slow for her to lie back on the table. She had to pick up her leg with her hands to both get it on and off the table. When I asked her to walk on her heels, she said, I cannot because of the pain and so forth. So the ALJ never brings into the discussion the negative factors. And I don't see Dr. Haynes adding two cents to this. Dr. Haynes just says, oh, yeah, you know, it all looks good to me. That was not Dr. Strong's opinion of how much she could do. But Dr. Strong didn't. Well, that is Dr. Strong's description of what she did. No. Respectfully, Your Honor, what she said at the end is she does not have problems sitting, standing, and walking. I recommend that she not have to transition from sitting to standing more than a third of the workday. So let me push back here because she does also say that she has enough problem walking that she needs the cane. She needs to walk only with assistance. That's even reflected in the RFC. So I wouldn't place any weight at all on a statement that says she doesn't have problems walking when it's plain in the record that she does. The idea that sedentary is always better would come as a great surprise to somebody who had hemorrhoids, for example, who really couldn't sit all the time. They'd be in great pain. They would need to get up. She apparently is a person like this, and the ALJ doesn't pay any attention to that. Your Honor, Dr. Strong did say she is a cane that is medically necessary. Right. So it's not a phony cane. And the ALJ accepted that. And that is the point that the ALJ then called. There was the state agency consultant who looked at Dr. Strong's opinion, said that his RFC for sedentary work was consistent with that opinion. She then called the medical expert who said, I have examined all the evidence. I think Dr. Strong's report summarizes the medical position well, but I agree with Dr. Ruiz's, the state consultant's, RFC determination. So why is it that the ALJ should accept most of what Dr. Strong said about what should happen and ought to happen, but somehow can parachute in and disregard the recommendation for walking around for 20 minutes? Because the recommendation is simply a recommendation. So is the rest of it. Respectfully, Your Honor, the way that the report is written, she makes a specific statement that she should alternate between sitting and standing. Right, should. So should is not you must. Should is here's what I think ought to happen. Here is a recommendation. That's just as much of a recommendation as a recommendation. But I think the answer to that, again, as I said, is the ALJ called a medical expert. The medical expert said, I have looked at Dr. Strong's report. I have looked at the state agency consultant's report. I honestly think if this woman is not disabled, we should just close down the system. I mean, I can't believe between the disabilities that followed the car accident and the disabilities that are secondary to her morbid obesity, the notion that she can stoop, crawl, and so on, which I know you're going to say, well, that's not part of the DOT jobs, assuming the 1991 DOT describes any jobs in today's economy, which maybe it does. Let's see. Your Honor, respectfully, every medical opinion in the record said that she could stoop, crouch, and crawl and perform those postural activities, including Dr. Strong. What you're essentially saying is the ALJ should have disregarded all the medical evidence before her and played doctor based on what she thought was common sense. No, no, not at all. There is no medical evidence, medical opinion in the record that says she cannot do those things. The medical opinion that Dr. Strong gave is that she had to get up and walk around for 20 minutes, and we don't have a vocational expert suggesting jobs that are consistent with that. Maybe there are jobs that are consistent with that. That would be fine, but we don't have a V.E. saying anything about it. I respectfully disagree that that is a requirement, that she get up and walk around. What she said is because of her obesity, when you sit, that tends to exacerbate it. That's true. As Mr. Forbes pointed out, sedentary work is probably not good for anybody. That doesn't mean that everyone is disabled. What Dr. Strong said is she should get up and walk for up to 20 minutes. She never said she must walk for 20 minutes. Suppose we had asked the V.E. what jobs would exist if every hour she sits for 50 minutes and she gets up and walks around for 10. So that's less than the 20, so it's a more conservative approach than what Dr. Strong was recommending. What would the V.E. have said? We do not know because that was never presented to the V.E. on either direct or cross-examination, and also, again, that is not a limitation. What, the need to get up and move around and the inability to sit without medically harming yourself? There is nothing that says that she is unable to sit without suffering immediate harm. That is true of everybody. No, but she's different. There is this bedsore evidence in there. She has bigger problems than most people with sedentary postures. Your Honor, all I can say is that is an issue that was never raised in any of the medical opinions. The ALJ, also she is not being asked to lie down in any of these jobs. Which you'll agree she has a lot of trouble with. She had trouble lying down on the examining table. She has trouble lying down to sleep at night. Those are things that are in the background, but again, they're in the record. The ALJ has medical opinion evidence, and she is entitled to rely on that medical opinion evidence. You have two medical professionals who have looked at the record. There is no evidence that was in the record at this point that those medical professionals did not review, and they said she is capable of sedentary work. I would point out, even the district court that remanded it said that the recommendation is, there's no reason to, we quoted this at page 22 of our brief, it was essentially exactly the same as the state agency restriction. The ALJ was not required to accept this as part of the RFC, because the RFC is the most a claimant is able to do in light of her impairment. But that's right. It looks to me like the RFC thinks that the more sedentary the easier, and I don't think there's any medical evidence in the record to support that. I do not believe that that is what it found. I believe that what that found is that she is capable of a job that requires her to sit for six hours of the day and walk for two hours of the day. That is how sedentary work is defined. A person may have work where he does take a different hypothetical, has light work that exacerbates pain. As long as he can do the work, that is what's necessary. It's not what is medically optimal. It's what the person is capable of doing. There are many decisions of that sort that come up all the time. And so, again, I would say that the ALJ was entitled to rely on the medical opinion evidence before her that was uncontradicted. Dr. Haynes' testimony about Dr. Ruiz's opinion and Dr. Strong's was never contradicted during the hearing. Well, another thing the ALJ did that was wrong was assume that it was not necessary to factor back in mild impairments once a severe impairment had been found. I do not believe there are any such mild impairments that she did not factor in. Well, there's mental capability that was a mild impairment. It wasn't a severe impairment. Okay, fine, not a severe impairment. There was the elbow problem, not a severe impairment. It didn't last long enough, but was left over with mild impairments. Respectfully, the elbow problem was not something the ALJ was legally permitted to consider because she found that it did not Not for the severe, not to trigger the original, of course, because it didn't last for a year. But you can have a mild impairment. But she found that she did not have an impairment that lasted more than a year, that it was not an impairment. Well, zero or mild? I believe her finding was that she, that the Zero, I agree with you, but I read it to say there was a mild after impact. What the ALJ correctly found in this instance was that after the year was up, when she saw Dr. Strong, she had no limitations in the use of her upper extremities. That she had full strength, no painful move of motion with her elbows, hands, and wrists, and she did not again seek treatment for anything regarding her elbow until after she had turned 50 years old. Right. And none of those questions were raised, that was a question, quite frankly, that was waived by not raising it. Okay. At this point, I believe the ALJ's decision was supported by substantial evidence, so thank you. All right, thank you.  Wait until you get up, please. The V.E. did chime in on the issue of 10 minutes off task. The V.E.'s answer in the first hearing to the off task question was essentially two to five minutes an hour off task is too much. So there is evidence to that. Your Honor, I know normally the procedure is to remand these things. I believe that this record is a record that would support a judicial award of benefits. There are so many cherries picked that you can fill a bushel basket. So that's all. Thank you. All right. Well, thanks to both counsel. We'll take the case under advisement. The court will be in recess. Thank you. Thank you.